Nicholas M. Pette, J.
Motion by the plaintiff in an action to recover damages for personal injuries “ to open his default herein, file his summons and complaint and note of issue, and place this matter on the trial calendar for the next term of this Court ”.
Heretofore, pursuant to decision dated August 23, 1955, this court denied the defendant’s motion to dismiss the action for lack of prosecution on condition that the cause is noticed for the next term of court. The court treated that motion as one made pursuant to the provisions of section 181 of the Civil Practice Act and rule 156 of the Buies of Civil Practice since the affidavit submitted in support of the motion stated that the summons and complaint had been served on or about February 12, 1954 and that issue was joined by the service of an answer on March 16, 1954, although actually only a summons was served in the action and the defendant served a notice of appearance. However, no motion was made by the defendant, pursuant to the provisions of section 257 of the Civil Practice Act for a dismissal for the failure of plaintiff’s attorney to serve a copy of the complaint.
The instant motion by the plaintiff made solely upon the affidavit of his attorney alleges that on September 26, 1955 he served by mail a copy of the complaint upon the defendant’s attorney, but did not receive an answer thereto although the time to serve it had expired. On October 29, 1955 he received a copy of the defendant’s bill of costs and notice of taxation. Several telephone calls followed which culminated finally in his being advised that the defendant had never received the complaint. His attempt to obtain a stipulation to straighten out this matter having failed, he made tMs motion.
This action is based upon an accident which occurred on February 17, 1951. The action was not commenced, however, until February 12, 1954 and then only by the service of a summons. Following the defendant’s service of a notice of *163 appearance, plaintiff took no further steps with regard to the action until he opposed the defendant’s motion to dismiss it for lack of prosecution. As for the complaint claimed to have been served on September 26, 1955 the defendant’s attorney categorically denies that he or his office ever received it. He urges that since the plaintiff has not complied with the conditions of the order, he has no standing in court.
In view of all the circumstances herein, the court, on its own motion, will vacate its decision dated August 23, 1955 and its order thereon, dated September 13, 1955, denying defendant’s motion to dismiss for lack of prosecution when in truth and fact no pleading had ever been served, without prejudice to a motion by the defendant to dismiss the action for plaintiff’s failure to serve a complaint. (Civ. Prac. Act, § 257.) The plaintiff’s present motion to open his default is likewise denied, without prejudice to a motion to open his default in serving the complaint. His papers should factually show a meritorious cause of action by one having knowledge of the facts and upon a proper pleading. (Blasser v. Morrisania Milk Co., 243 App. Div. 281.) There should also be a factual explanation for the delay in failing to serve the complaint. The present supporting affidavit made by the attorney for the plaintiff is insufficient either as an affidavit of merits or to excuse the delay.
Submit two orders on notice in accordance with the foregoing.